INHABITANTS OF NORTHAMPTON *vs.* SAMUEL M. ELWELL.

On a bond made to the Commonwealth, " for the use of the town of N." no action lies by the town, although the forfeitures belong to the town by statute.

ACTION on a bond made to the Commonwealth, " for the use of the town of Northampton," reciting the conviction of the defendant for selling intoxicating liquor, in violation of *St.* 1852, *c.* 322, § 7, and his sentence to pay a fine and costs, and to give bond not to violate within one year any law of the Commonwealth concerning the sale of spirituous or intoxicating liquors, and conditioned not to violate any such law within one year. The declaration contained two counts, one in contract, and one in tort, averring them to be for the same cause of action, and each setting forth the bond, and alleging a breach thereof by a sale of intoxicating liquors within one year, contrary to law. The defendant demurred, and assigned, as one cause of demurrer, that the plaintiffs were not the obligees named in the bond, and could not therefore maintain this action in their own names. The other causes of demurrer, and the arguments thereon, not having been passed upon by the court, are omitted in this report.

*W. Allen, Jr.* for the defendant. No action will lie on a bond in the name of any other party than the obligee, although given for the benefit of a third person. *Montague* v. *Smith,* 13 Mass. 404, 405. *Watson* v. *Cambridge,* 15 Mass. 290. *Sanders* v. *Filley,* 12 Pick. 554. *Grout* v. *Harrington,* 19 Pick. 404. *Mellen* v. *Whipple,* 1 Gray, 317.

*C. P. Huntington,* for the plaintiffs. This bond is expressed to be " for the use of" the plaintiffs; the legal interest is in

them; the forfeitures belong to them; and they may therefore maintain an action thereon.   1 Chit. Pl. (2d Amer. ed.) 3, 4, 115. *Shaw* v. *Sherwood,* Cro. Eliz. 729.   *St.* 1852, *c.* 322, §§ 7–12. *Commonwealth* v. *Baker,* 2 Gray, 78.

SHAW, C. J.* The court are all of opinion that an action on this bond cannot be maintained in the name of the inhabitants of Northampton.   The whole legal title to maintain the action consists in the deed by which the defendant has bound himself to the Commonwealth.   The right of action on a sealed instrument belongs to the party having the legal interest.   This is now well settled.   *Sanders* v. *Filley,* 12 Pick. 554.   *Johnson* v. *Foster,* 12 Met. 167.   *Millard* v. *Baldwin,* 3 Gray, 484.

Many other points taken by the defendant, and very well argued by counsel, would deserve great care and attention, were not the one stated quite decisive.   *Demurrer sustained.*